UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
AVENTURA LENDING LLC,

Plaintiff,

- against -

78 HOYT LLC, *et al.*,

Defendants.
-------------------------------------------------------x

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**
25-CV-6239 (PKC) (LKE)

PAMELA K. CHEN, United States District Judge:

Plaintiff Aventura Lending LLC ("Aventura Lending") brought this action against Defendants 78 Hoyt LLC ("78 Hoyt"), Mohamed Baghat Mohamed ("Mohamed"), City of New York Environmental Control Board ("ECB"), City of New York Transit Authority Transit Adjudication Bureau ("TAB"), City of New York Department of Transportation Parking Violations Bureau ("PVB"), City of New York Department of Finance ("DOF"), Youbensky Ceye ("Ceye"), Criminal Court of the City of New York ("CRC"), 242–232 Atlantic Ave Investor LLC ("Atlantic"), Kings Funding Group LLC ("Kings Funding"), and John and Jane Doe, seeking judgment of foreclosure on 78 Hoyt Street, Brooklyn, NY, 11201 (the "Property"). (Compl., Dkt. 1.)

Plaintiff subsequently dismissed Defendants Mohamed, John Doe, and Jane Doe from the action. (*See* Dkts. 6, 22.) After the remaining Defendants failed to appear, Plaintiff requested a certificate of default, (Dkts. 14, 17, 24), which the Clerk of Court entered, (Dkts. 16, 21, 25). On January 21, 2026, Plaintiff moved for default judgment against 78 Hoyt, ECB, TAB, PVB, DOF, Ceye, CRC, Atlantic, and Kings Funding ("Defendants"). (Mot. Default J., Dkt. 26.) The Court referred the Motion to the Honorable Magistrate Judge Lara K. Eshkenazi. (01/26/2026 Dkt. Order Referring Motion); 28 U.S.C. § 636(b)(1)(A) (authorizing a district judge to refer certain pretrial

matters to a magistrate judge). At no point did Defendants oppose Plaintiff's Motion for Default Judgment.

On July 22, 2026, Judge Eshkenazi issued a Report and Recommendation ("R&R"), recommending that the Court deny Plaintiff's Motion for Default Judgment and dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction. (R&R, Dkt. 31, at 2.) "In the alternative, the [R&R] . . . recommend[ed] that . . . Plaintiff be granted leave to file an amended complaint." (*Id.*) Specifically, Judge Eshkenazi found that Plaintiff had failed to "provide sufficient information required for th[e] Court to determine whether diversity is complete," as it had "submit[ted] conflicting information, leaving [the] Court unable to ascertain the identity and citizenship of Plaintiff's members." (*Id.* at 6–7.) The R&R found, in the alternative, that "Plaintiff has not satisfied the requirements necessary to establish its right to foreclose." (*Id.* at 7.)[1] Judge Eshkenazi warned that "[w]ithin 14 days of service, any party may serve and file specific written objections to this Report and Recommendation," or else they would "waive[] any right to further judicial review of [the R&R]." (*Id.* at 14–15.) After requesting and receiving two extensions of time, (*see* 07/30/2026 Dkt. Order; 08/21/2026 Dkt. Order), Plaintiff filed its objections to the R&R on August 24, 2026, (Pl.'s Objections to R&R ("Objections"), Dkt. 36).

[1] First, the R&R found that Plaintiff did not demonstrate compliance with New York Real Property Actions and Proceedings Law ("RPAPL") § 1302 because Plaintiff did not "affirmatively [] allege that it ha[d] 'complied with all of the provisions of [§ 595a] of the banking law and any rules or regulations promulgated thereunder.'" (R&R, Dkt. 31, at 9 (third alteration in original) (quoting RPAPL§ 1302(1)(b)).) Second, Plaintiff did not comply with RPAPL§ 1303, which required the foreclosing party to "provide notice to . . . any tenant of a dwelling unit" because Plaintiff only provided an affirmation of attempted service, which did not sufficiently establish that the property was vacant. (*Id.* at 9–11 (quoting RPAPL§ 1303(1)(b)).) Third, the R&R held that Plaintiff failed to "meet the evidentiary standards for alleging nominal liability as against the non-mortgagor defendants" Ceye, Atlantic, Kings Funding, ECB, TAB, PVB, and CRC, because the Complaint alleged that they may be creditors of Defendant Mohamed and attached documentation with addresses that did not match those of Mohamed or 78 Hoyt. (*Id.* at 11–13.)

After a careful review of the R&R, Plaintiff's filings, and the record, the Court adopts the R&R in part. Specifically, the Court adopts the R&R's findings as to subject-matter jurisdiction and denies Plaintiff's Motion for Default Judgment without prejudice. Because the Court finds that Plaintiff has not established subject-matter jurisdiction, the Court does not address Plaintiff's objections to the R&R's other findings and declines to adopt them.

**STANDARD OF REVIEW**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to an R&R, the Court must conduct a *de novo* review of the contested sections of the report. *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003); *Clune v. Barry*, No. 16-CV-4441 (NSR) (JCM), 2024 WL 4266439, at *2 (S.D.N.Y. Sep. 23, 2024). But not every objection triggers *de novo* review. Specifically, a litigant may not levy objections to an R&R to "mop[] up any inadvertent omissions" in their original motion. *Gutman v. Klein*, No. 03-CV-1570 (BMC) (RML), 2010 WL 4916722, at *5 (E.D.N.Y. Nov. 24, 2010), *aff'd*, 515 F. App'x 8 (2d Cir. 2013).

Here, Plaintiff contends that "[t]he R&R should be rejected because complete diversity is present," and attaches supplemental declarations and documents filed, under seal, to support this contention. (*See* Objections, Dkt. 36, ¶¶ 4–11; *see also* Pl.'s Operating Agreement, Dkt. 37-1; Consolidated Industries, LLC's Operating Agreement, Dkt. 37.) Plaintiff does not challenge the R&R's finding that the jurisdictional allegations in the Complaint are contradictory, and instead challenges the R&R's findings as to jurisdiction by relying on Operating Agreements that were not presented in its Complaint or Motion for Default Judgment. (*See* Objections, Dkt. 36, ¶¶ 4–11; *see also* Pl.'s Operating Agreement, Dkt. 37-1; Consolidated Industries, LLC's Operating

Agreement, Dkt. 37.)[2] Accordingly, the Court reviews this part of the R&R for clear error. *Rosenberg v. Lashkar-e-Taiba*, No. 10-CV-5381 (DLI) (CLP), 2017 WL 11647006, at *4 (E.D.N.Y. Mar. 31, 2017) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the [R&R], and indeed may not be deemed objections at all." (second alteration in original) (quoting *Hill v. Miller*, No. 15-CV-6256 (KMW) (JCF), 2016 WL 7410715, at *1 (S.D.N.Y. Dec. 21, 2016))). A decision is "clearly erroneous" when the Court, "upon review of the entire record, [is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005)).

**DISCUSSION**

**I. Plaintiff's Objections to the R&R's Findings as to Subject-Matter Jurisdiction**

The R&R did not clearly err in finding that Plaintiff failed to establish subject-matter jurisdiction. Plaintiff's Complaint attempted to allege diversity jurisdiction by asserting that Plaintiff was a citizen of Louisiana because its two members, Burton Zaunbrecher and Gregory Campo, were "domiciled in the State of Louisiana," and that Defendants 78 Hoyt and Mohamed were citizens of New York. (Compl., Dkt. 1, ¶¶ 2–4.) Plaintiff's "Corporate Disclosure Statement," which was attached to the Complaint, stated instead that it had *one* member, Yonel Devico, who was domiciled in *Florida*. (Corporate Disclosure Statement, Dkt. 1-16.) "In considering whether to dismiss a claim for want of jurisdiction, the Court generally must accept the material factual allegations in the complaint as true." *Golian v. N.Y.C. Admin. for Child. Servs.*, 282 F. Supp. 3d 718, 733 n.10 (S.D.N.Y. 2017) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386

[2] Plaintiff's other arguments regarding jurisdiction were not advanced before Judge Eshkenazi. (*See generally* Mem. Supp. Mot. Default J., Dkt. 26-1 (making no assertion as to jurisdiction).)

F.3d 107, 110 (2d Cir. 2004)). However, where the "plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true." *Cf. Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*, No. 10-CV-1777 (ADS) (AKT), 2011 WL 381612, at *6 (E.D.N.Y. Feb. 2, 2011). Here, Plaintiff's Complaint presented contradictory allegations as to the citizenship of its members. Accordingly, Judge Eshkenazi did not clearly err by determining that Plaintiff did not sufficiently establish diversity jurisdiction. *See Lynch v. Weber-Stephen Prods., LLC*, No. 2:26-CV-1952 (NJC) (ST), 2026 WL 923739, at *1 (E.D.N.Y. Apr. 6, 2026) (requiring a plaintiff to "properly plead" the citizenship of each member of an LLC to establish diversity jurisdiction (citation omitted)).[3]

The supplemental documents Plaintiff now presents to support diversity jurisdiction—Operating Agreements filed under seal, (Dkts. 37, 37-1)—do not change the outcome. "In reviewing the decision of a magistrate judge, a district judge should not consider 'factual evidence that was not presented to the magistrate judge.'" *Verint Sys. Inc. v. Red Box Recs. Ltd.*, 183 F. Supp. 3d 467, 470 & n.23 (S.D.N.Y. 2016) (quoting *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013)). "The submission of new evidence following such a Report is merited only in rare cases, where the party objecting to a Report has offered 'a most compelling reason' for the late production of such evidence, or a 'compelling justification for [its] failure to present such evidence to the magistrate judge.'" *Fischer v. Forrest*, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018) (alteration in original) (first quoting

[3] Although the Court finds that Judge Eshkenazi's conclusion that Plaintiff did not demonstrate diversity was not clearly erroneous, it declines to adopt her finding that Plaintiff was required to allege the "identity and citizenship of Defendant Atlantic and Kings Funding's members." (R&R, Dkt. 31, at 7.) In assessing whether the Court has diversity jurisdiction, the Court does not consider the citizenship of nominal parties. *Keane v. Banks*, No. 25-CV-5104 (AT), 2026 WL 851342, at *2 (S.D.N.Y. Mar. 27, 2026).

*Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005), then quoting *Thomas v. Comm'r of Soc. Sec.*, No. 16-CV-9247 (LTS) (KHP), 2017 WL 3475064, at *1 (S.D.N.Y. Aug. 11, 2017)), *aff'd*, 968 F.3d 216 (2d Cir. 2020). Plaintiff offers no explanation for its failure to provide such evidence in the first instance. (*See* Objections, Dkt. 36, ¶¶ 38–45.)

## II. Plaintiff's Objections to the R&R's Other Findings

Plaintiff raises additional objections to the R&R's alternative bases for denying the Motion for Default Judgment. Because the Court denies the Motion for Default Judgment on the basis of lack of subject-matter jurisdiction, it does not address Plaintiff's additional objections, and declines to adopt these portions of the R&R. *See Rogers v. Borkowsky*, No. 17-CV-3909 (KAM) (VMS), 2018 WL 11234015, at *3 (E.D.N.Y. July 31, 2018), *aff'd*, 756 F. App'x 105 (2d Cir. 2019) (declining to address merits of a claim where the Court did not have jurisdiction).

## CONCLUSION

For the foregoing reasons, the Court adopts the R&R's findings as to subject-matter jurisdiction and denies Plaintiff's Motion for Default Judgment. Plaintiff shall file an Amended Complaint, no later than forty-five (45) days from the date of this Order. Plaintiff shall also file a redlined version of the Amended Complaint showing the changes it has made.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 14, 2026
Brooklyn, New York